IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBRA M. MERCER-SPENCER,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-0834 |
| | : | |
| **NATHANIEL BRONDON SPENCER,** | : | |
| **SR.,** *et al.* | : | |
| Defendants. | : | |

**MEMORANDUM**

**GALLAGHER, J.**                                                                                       **APRIL 19, 2024**

*Pro se* Plaintiff Debra M. Mercer-Spencer brings this civil action pursuant to 42 U.S.C. § 1983, alleging claims related to her arrest and three-week detention at the Berks County Jail. Mercer-Spencer seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Mercer-Spencer leave to proceed *in forma pauperis* and dismiss her Complaint in part with prejudice and in part without prejudice. Mercer-Spencer will be given an opportunity to file an amended complaint.

**I.      FACTUAL ALLEGATIONS**[1]

Mercer-Spencer names three Defendants in her Complaint: (1) Nathaniel Brondon Spencer, Sr.; (2) Berks County Jail Systems; and (3) "the Arresting Officer." (Compl. at 2-3.) She alleges that she was subjected to a false arrest where the "male officer mishandle[d]" her. (*Id*. at 3.) She does not provide the basis for the alleged false arrest but states that she was in Pittsburgh when "they all alleged [she] was breaking into her home" and that she has a "train ticket . . . to prove it." (*Id*. at 5.) Mercer-Spencer states that she is frail, only weighs 103

---

[1] The factual allegations are from Mercer-Spencer's Complaint. (ECF No. 2.) The Court adopts the pagination supplied by the CM/ECF docketing system.

pounds, and did not resist arrest, but was nevertheless "man handle[d]" and "shoved . . . against the concrete wall outside [her] apartment building." (*Id*.) Her right arm was sore for several weeks after the arrest. (*Id*.)

Mercer-Spencer was subsequently detained in the Berks County Jail, an alleged "all-male jail," for three weeks from October 23, 2023 through November 9, 2023, despite the fact that her family posted her $1,000 bail. (*Id*. at 4-5.) She states that while detained, she "ate near the toilet daily." (*Id*. at 4.) She alleges that she was also "harassed [and] stalked" and that she had "several pictures taken of [her]." (*Id*. at 5.) Her case was ultimately dismissed on November 9, 2023. (*Id*. at 5, 9.) As a result of the arrest and detention, Mercer-Spencer lost "both jobs" and seeks money damages in this lawsuit. (*Id*.)

## II.   STANDARD OF REVIEW

The Court grants Mercer-Spencer leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d

768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Mercer-Spencer is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

The Court understands Mercer-Spencer to assert constitutional claims against Defendants pursuant to § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

#### A. Claims against Berks County Jail Systems

Mercer-Spencer names the Berks County Jail Systems as a Defendant in her Complaint. The Court must dismiss any claims asserted against this Defendant because a jail or correctional facility is not a "person" under § 1983. *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cnty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976)); *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010). Accordingly, Mercer-Spencer's claims against the Berks County Jail Systems must be dismissed with prejudice because the jail system "is not a legal entity susceptible to suit." *See Cephas*, 2010 WL 2854149, at *1; *see also Lenhart*

*v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013) (*per curiam*) (affirming dismissal of claims against county prison because even though "[a] local governmental agency may be a 'person' for purposes of § 1983 liability, [the county prison] is not a person capable of being sued within the meaning of § 1983" (internal citations omitted)); *Mincy v. Deparlos*, 497 F. App'x 234, 239 (3d Cir. 2012) (*per curiam*) (district court properly concluded that a county prison is not "person" within meaning of section 1983); *Brown v. Berks Cnty. Jail*, No. 23-0780, 2023 WL 3324676, at *3-4 (E.D. Pa. May 9, 2023) (dismissing claim against Berks County Jail because jails are not subject to liability under § 1983).

### B.  Claims against Arresting Officer[2]

The Court understands Mercer-Spencer to assert Fourth Amendment claims for excessive force, false arrest, and malicious prosecution, against the Arresting Officer. "[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]" *Graham v. Connor*, 490 U.S. 386, 395 (1989)); *see also Santini v.*

---

[2] In drafting her Complaint, Mercer-Spencer checked the box on the standard form she used indicating that she seeks to name the Arresting Officer in his official and individual capacities. (Compl. at 2.) Claims against government employees named in their official capacity are indistinguishable from claims against the governmental entity that employs the Defendants. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*. The Court understands from the facts alleged that the Arresting Officer is a police officer, but Mercer-Spencer does not identify the jurisdiction that employs the Arresting Officer. Despite checking the official capacity claim box on the form, Mercer-Spencer does not appear to allege any official capacity claims against the jurisdiction that employs the Arresting Officer since she does not allege that a municipal policy or custom caused the constitutional violations alleged in the Complaint. *See Monell*, 436 U.S. at 694 (holding that, to state a claim for municipal liability, a plaintiff must allege that the municipality's policies or customs caused the alleged constitutional violation).

*Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) ("In an excessive force case, we determine whether a constitutional violation has occurred using the Fourth Amendment's objective reasonableness test."). "Courts determine whether the force used is 'objectively reasonable' based on the totality of the circumstances, . . . and certain factors, including: 'the facts and circumstances of each particular case, . . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Klein v. Madison*, 374 F. Supp. 3d 389, 407 (E.D. Pa. 2019) (quoting *Graham*, 490 U.S. at 386)).

To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing that she was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id*. at 483. "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)). A plaintiff asserting a constitutional malicious prosecution claim must allege facts showing that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009). "Probable cause exists [for purposes of a malicious prosecution claim] if there is

a fair probability that the person committed the crime at issue." *Harvard*, 973 F.3d at 199 (internal quotations omitted). "To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." *Thompson v. Clark*, 142 S. Ct. 1332, 1335 (2022).

Mercer-Spencer fails to provide sufficient factual allegations in support of her Fourth Amendment claims for false arrest and malicious prosecution against the Arresting Officer. She merely alleges in conclusory fashion that she was "false[ly] arrested" but does not provide any details surrounding the circumstances of her arrest or prosecution, including when the arrest took place, why she was arrested, any facts supporting a conclusion that the Arresting Officer lacked probable cause to make the arrest, and the nature of her charges. She states in her Complaint that she was in Pittsburgh when "they all alleged [she] was breaking into her home" (Compl. at 5), but does not allege that her arrest or charges were related to allegation about breaking into her home. Mercer-Spencer has simply not pled sufficient allegations about the arrest and prosecution to support an inference that they were unconstitutional. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (*per curiam*) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested"); *Santiago v. Humes*, No. 14-7109, 2015 WL 1422627, at *4 (E.D. Pa. Mar. 30, 2015) (dismissing false arrest, false imprisonment, and malicious prosecution claims when plaintiffs failed to "affirmatively assert facts to show that the Officer Defendants did not have probable cause" when plaintiffs simply alleged that all of the allegations against them in the underlying criminal proceedings were false). Without additional details

6

about the arrest and prosecution and the Arresting Officer's alleged lack of probable cause, Mercer-Spencer's Fourth Amendment claims for false arrest and malicious prosecution are undeveloped and must be dismissed.

Mercer Spencer's excessive force claim is similarly undeveloped. Mercer-Spencer has not alleged sufficient details about the arrest itself, including the circumstances surrounding when and why she was arrested, the severity of the alleged crime, why and how she was "shoved" against a concrete wall and what led to her right arm soreness after the arrest, whether or not she posed an immediate threat to the safety of the Arresting Officer or others, and whether or not she was actively resisting. Without additional factual details, the Court is unable to determine whether the force used was objectively reasonable. Accordingly, the excessive force claims will also be dismissed. Because Mercer-Spencer's Fourth Amendment claims will be dismissed without prejudice, she will be provided an opportunity to amend these claims if she can assert sufficient factual allegations to raise a plausible inference that her Fourth Amendment rights were violated.

### C. Claims Related to Conditions of Confinement

The Court understands Mercer-Spencer to present conditions of confinement claims based on her three-weeks as a pretrial detainee at Berks County Jail, where she was forced to eat near toilets. The Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees challenging their conditions of confinement. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). To establish a basis for a Fourteenth Amendment violation, a pretrial detainee must allege that her conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979); *Camps v. Giorla*, 843 F. App'x 450, 452 (3d Cir. 2021) (*per curiam*) ("[A] court must determine whether the conditions complained of were imposed for the purpose

of punishment or whether it is merely incidental to a legitimate governmental objective."). Only conditions of confinement that "cause inmates to endure such genuine privations and hardship over an extended period of time" violate the Fourteenth Amendment. *Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (internal quotations omitted).

Unconstitutional punishment typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Bell*, 441 U.S. at 538-39, 539 n.20). To satisfy the subjective component of the analysis in this Circuit, a detainee must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Seiter*, 501 U.S. at 298-99; *see Edwards v. Northampton Cnty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (*per curiam*). "A defendant may be liable if he is aware of a condition that poses an excessive risk and he fails to 'adequately respond to that risk.'" *Bakhtiari v. Madrigal*, 841 F. App'x 457, 459-60 (3d Cir. 2021) (*per curiam*) (quoting *E.D. v. Sharkey*, 928 F.3d 299, 307 (3d Cir. 2019)).

Courts have generally held that requiring inmates to eat meals in a cell containing a toilet does not violate the constitution. *See, e.g.*, *Mestre v. Wagner*, No. 11-2191, 2012 WL 299652, at *3 (E.D. Pa. Feb. 1, 2012) (no constitutional violation where prisoner was required to eat in cell where there was a toilet); *Walters v. Berks Cnty. Prison*, No. 11-6357, 2012 WL 760849, at *1 (E.D. Pa. Mar. 9, 2012) (allegations that plaintiff had to sleep and eat next to a toilet while incarcerated at the Berks County Jail failed to state a claim); *Flores v. Wagner*, No. 11-1846, 2011 WL 2681596, at *5 (E.D. Pa. July 8, 2011) ("Requiring an inmate to eat in a cell a few feet

8

away from a toilet is insufficient to implicate a conditions of confinement claim that is repugnant to contemporary standards of decency."); *Smith v. U.S. Penitentiary Lee*, No. 11-77, 2011 WL 767165, at *2 (W.D. Va. Feb. 25, 2011) (plaintiff failed to state claim based on allegations that he was required to eat meals in cell with toilet sometimes filled with excrement); *Caldwell v. Cabarrus Cnty. Jail*, No. 12-586, 2012 WL 2366451, at *2 (M.D.N.C. June 21, 2012) ("[H]aving to eat in a cell with an unflushed toilet" does not violate the constitution), report and recommendation adopted, No. 12-586, 2013 WL 1344452 (M.D.N.C. Apr. 2, 2013). The Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Although a requirement that Mercer-Spencer eat meals in her cell while a pretrial detainee at Berks County Jail may have been unpleasant, it does not alone state a plausible Fourteenth Amendment violation.

Mercer-Spencer also alleges that she was "harassed [and] stalked" during the three weeks she was detained at Berks County Jail and that she had "several pictures taken of [her]." (Compl. at 5.) Mercer-Spencer does not attribute this conduct to any named defendant or prison official. Nor does she provide sufficient details about being harassed and stalked for the Court to evaluate the objective and subjective components of this allegation to determine whether it plausibly constituted punishment. Accordingly, Mercer-Spencer's claims based on the conditions of her confinement at the Berks County Jail will be dismissed without prejudice. Mercer-Spencer will be provided an opportunity to amend her claims if she is able to cure the defects the Court has noted.

### D.   Claims Against Nathaniel Brodon Spencer

Mercer-Spencer names Nathaniel Brodon Spencer, Sr. as a Defendant, and notes that he is the owner of Spencer Home Remodeling. (Compl. at 3.) She include no other facts about

Spencer in her Complaint, including any allegations about how he was involved in the events allegedly causing her constitutional harm. As noted above, an individual must be personally involved in violating a plaintiff's rights to be liable under § 1983. See *Rode*, 845 F.2d at 1207. Accordingly the claims against Nathaniel Brodon Spencer will be dismissed without prejudice.

### IV.   CONCLUSION

For the foregoing reasons, the Court will grant Mercer-Spencer leave to proceed *in forma pauperis* and dismiss her Complaint in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The claims against the Berks County Jail Systems will be dismissed with prejudice. The remainder of Mercer-Spencer's claims will be dismissed without prejudice. The Court will permit Mercer-Spencer an opportunity to file an amended complaint in the event she can address the defects the Court has noted as to her claims that were dismissed without prejudice. An appropriate Order follows, which contains additional instruction as to amendment.

BY THE COURT:

 */s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge