IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBRA M. MERCER-SPENCER,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-0834 |
| | : | |
| **NATHANIEL BRONDON SPENCER,** | : | |
| **SR.,** *et al.* | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 19th day of April, 2024, upon consideration of Plaintiff Debra M. Mercer-Spencer's Motion to Proceed *In Forma Pauperis* (ECF No. 1), and Complaint (ECF No. 2) **IT IS HEREBY ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. The Complaint is **DISMISSED IN PART WITH PREJUDICE** and **DISMISSED IN PART WITHOUT PREJUDICE** for the reasons in the Court's Memorandum, as follows:

    A. The claims asserted against the Berks County Jail Systems are **DISMISSED WITH PREJUDICE**. The Clerk of the Court is **DIRECTED** to **TERMINATE** the Berks County Jail Systems as a Defendant in this case.

    B. All other claims asserted in the Complaint are **DISMISSED WITHOUT PREJUDICE**.

4. Mercer-Spencer may file an amended complaint within thirty (30) days of the date of this Order only as to those claims that have been dismissed without prejudice. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to

identifying them in the body of the amended complaint and shall state the basis for Mercer-Spencer's claims against each defendant. Mercer-Spencer may not reassert a claim that has already been dismissed with prejudice or rename a party that has already been terminated from this case. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting her amended complaint, Mercer-Spencer should be mindful of the Court's reasons for dismissing the claims in her initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

5. In accordance with Federal Rule of Civil Procedure 5(b)(2)(D), the Clerk of Court is **DIRECTED** to leave copies of the following documents for Mercer-Spencer with the Clerk's Office for the United States District Court for the Eastern District of Pennsylvania, Edward N. Cahn U.S. Courthouse, 504 W. Hamilton Street, Allentown, Pennsylvania 18101: (1) a copy of this Order; (2) a copy of the accompanying Memorandum; and (3) a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number.[1] Mercer-Spencer may use this form to file her amended complaint if she chooses to do so.

6. Mercer-Spencer must provide the Court will a current address within thirty (30) days of the date of this Order if she seeks to prosecute this case.

7. If Mercer-Spencer does not wish to amend her Complaint and instead intends to stand on her Complaint as originally pled, she may file a notice with the Court within thirty (30)

---

[1] Mercer-Spencer did not include a current mailing address when she filed her Complaint to allow the Court to serve her documents in her case. As a result, the Court will leave copies of the documents with the Clerk of Court. *See* Fed. R. Civ. P. 5(b)(2)(D) (providing for service by leaving papers with the Clerk of Court when the litigant has no known address).

days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. See *Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

8. If Mercer-Spencer fails to file any response to this Order, the Court will conclude that Mercer-Spencer intends to stand on her Complaint and will issue a final order dismissing this case.[2] See *Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. See *Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); see also *Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. See *Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge
